112 F.3d 513
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Larry CRUMPTON, Appellee,
v.
Trooper Tracy MORRIS, in his individual capacity; Appellant,
Officer Ronnie Pryor, in his individual capacity, Defendant.
 No. 96-1413.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 3, 1997.
Filed April 25, 1997.
 
 Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry Crumpton brought a 42 U.S.C. § 1983 action claiming, inter alia, that Arkansas State Trooper Tracy Morris and four police officers used excessive force against him. Morris moved separately for summary judgment, asserting the defense of qualified immunity. Given the parties' very different accounts of the events, the district court[1] held there were genuine issues of material fact that precluded summary judgment on the excessive-force claim. Morris appeals that ruling.
 
 
 2
 An order denying a motion for summary judgment based on qualified immunity may constitute an appealable order depending on the issue appealed. See Johnson v. Jones, 115 S.Ct. 2151, 2154-55 (1995). If the issue is whether the law was clearly established, or whether "all of the conduct which the District Court deemed sufficiently supported for purposes of summary judgment met the Harlow[2] standard of 'objective legal reasonableness,' " then it is appealable. See Behrens v. Pelletier, 116 S.Ct. 834, 842 (1996) (footnote added). Where the issue is whether the pretrial record creates a genuine issue of material fact as to the occurrence of particular conduct, the order is not immediately appealable. See id.; Eagle v. Morgan, 88 F.3d 620, 624 (8th Cir.1996).
 
 
 3
 We conclude this appeal falls within the latter category. Accordingly, we dismiss for lack of jurisdiction. We deny as moot the motion to strike Crumpton's brief.
 
 
 
 [1]
 The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)